### In the Matter of Charles R. DEETS III.

### No. 79S00–9902–DI–131.

Supreme Court of Indiana.

Sept. 20, 1999.

Ronald E. Elberger, Bose McKinney and Evans, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

In 1977, a client hired the respondent to assist her in administering her late husband's estate. Due largely to the respondent's neglect, the estate was not formally resolved for some 19 years. For this, we find today that the respondent should be reprimanded, pursuant to an agreed resolution tendered by the parties and now before this Court for approval.[1]

Preliminarily, we note that the respondent is an attorney admitted to practice in this state in 1968. The undisputed facts underlying this case are that in November, 1977, the respondent opened an estate in Tippecanoe Circuit Court after being retained by the decedent's widow to assist her in its administration. The respondent and the widow were named co-administrators. In marshaling the assets of the estate, the respondent identified a farm in Tippecanoe County, other real estate, and various certificates of deposit in Indiana banks. Unbeknownst to the respondent were 14 separate certificates of deposit, held in a Florida bank, with an aggregate value of $150,000, held by the decedent and widow as joint tenants with full rights of survivorship.

On November 15, 1978, the respondent filed an inventory and appraisal valuing the estate at approximately $448,000. Excluded were the Florida certificates of deposit. Because of the necessity that the farm be sold, payment of estate taxes was delayed. A federal lien was placed on the property. The farm was sold on contract in 1979 and the lien was released. Inheritance and estate taxes remained unpaid. The respondent took $24,000 in fees from the sale, despite the fact that he failed to seek or obtain court approval.

By June, 1980, the estate had still not been settled, and the widow was unable to determine from the respondent what was going on. She hired another attorney to investigate, who learned that the respondent had failed timely to file certain federal and state tax returns and that the estate had incurred a penalty. The widow informed the attorney of the Florida certificates of deposit, information she had never disclosed to the respondent. Meanwhile, the respondent continued to act as co-administrator and, in 1983, after several hearings, secured a redetermination of tax with the Indiana Department of Revenue. Following the redetermination, the respondent took no action to conclude the estate for some 11 years. It remained open. No final accounting was ever submitted. During that time, the widow lived on the farm, subsisting on cash rents. Several times, she attempted to contact the respondent but was unsuccessful. In 1994 or 1995, the respondent agreed to resign as co-administrator, but failed to do so. In February, 1995, the attorney, on behalf of the widow, requested that the respondent complete the fiduciary tax returns and other papers. The respondent failed to do so. Although the respondent claimed it was not his responsibility to close the estate after the other attorney was hired, the respondent did not withdraw his appearance and continued to sign documents. Finally, after the decedent's daughter hired an attorney, all parties entered an agreement in 1995,

1. Ind. Admission and Discipline Rule 23(11)(c).

whereupon final and supplemental accountings were filed in November, 1995, and May, 1996, respectively, some 19 years after the estate was opened. The accountings revealed that all property and funds were accounted for.

We find that by failing to cause the estate to be closed before some 19 years had passed and by failing to file timely required tax returns, the respondent violated Ind. Professional Conduct Rule 1.3, which provides that a lawyer shall represent a client with reasonable promptness and diligence. Permitting such an enormous delay also violated Prof.Cond.R. 8.4(d), which provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. By failing adequately to explain the status of the estate to the widow for a period of several years, the respondent violated Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of a matter and promptly comply with reasonable requests for information. He violated Prof.Cond.R. 1.4(b) by failing to explain to the widow the pending estate matters to the extent reasonably necessary to permit her to make informed decisions regarding his representation of it.

The respondent and the Commission have agreed that a public reprimand is adequate discipline for the respondent's neglect. In support of that agreement, they present several factors in claimed mitigation: that the respondent paid $7,500 of his own funds for attorneys fees in finally getting the estate resolved; that he paid out of his own funds $20,000 for penalties and interest the estate incurred due to his late filing of certain tax returns; and that he has no prior disciplinary record. These factors tend to establish that the respondent recognizes his errors and that he has made good faith efforts to rectify them. They also persuade us that, despite his unconscionable lack of action on the estate over vast periods of time, he does not pose a continuing threat to the public or the profession. Accordingly, we approve the agreed sanction in this case.

It is, therefore, ordered that the respondent, Charles R. Deets III, is reprimanded and admonished for the misconduct set forth above.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against respondent.